IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| MICHAEL COOPER, | * |
| Plaintiff, | * |
| vs. | *   CASE NO. 4:09-CV-93 (CDL) |
| THE SALVATION ARMY and ARTHUR FULTZ, | * |
| | * |
| Defendants. | * |

O R D E R

Defendants removed this action from the State Court of Muscogee County, Georgia based upon diversity jurisdiction pursuant to 28 U.S.C. § 1441. Plaintiff moves to remand the case contending that diversity of citizenship does not exist and that the jurisdictional amount is not satisfied. Pretermitting whether Plaintiff's arguments have merit, the Court finds that this action must be remanded because it is undisputed that both Defendants are citizens of the state of Georgia for jurisdiction purposes. Defendant Salvation Army is a Georgia corporation that has its principal place of business in Georgia.[1] (Notice of Removal ¶ 13; *see* Compl. ¶ 2.) Defendant Arthur Fultz is a resident citizen of the state of Georgia. (Notice of Removal ¶ 14; *see* Compl. ¶ 3.)  When removal is predicated upon diversity jurisdiction, the "action shall be removable only if none of the parties in interest properly joined and served as defendants

---

[1] For diversity jurisdiction purposes, a corporation is deemed a citizen of the state of its corporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1).

is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *see, e.g., Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1556 (11th Cir. 1989) (noting that a case is not removable if any properly named defendant is a citizen of the forum state). Since both Defendants are Georgia citizens, removal was improper. Accordingly, Plaintiff's Motion to Remand (Doc. 10) is granted, and this case is remanded to the State Court of Muscogee County, Georgia.

    The Court cannot conceive of any objectively reasonable basis for removal under the present record. Consequently, Defendants shall show cause why Plaintiff should not recover his attorney's fees for having to bring this motion to remand. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); *see also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006). Defendants shall file their written response to this show cause order within fourteen days of today's Order. Plaintiff's counsel shall file within fourteen days of today's Order an affidavit in support of the amount of attorney's fees and costs incurred in filing the present motion for remand, identifying in detail the hours spent on the motion and the applicable hourly rate(s). Defendants shall file any response to the amount of Plaintiff's request for attorney's fees within fourteen days of service of Plaintiff's request and affidavit.

IT IS SO ORDERED, this 8th day of February, 2010.

                                        S/Clay D. Land
                                            CLAY D. LAND
                                     UNITED STATES DISTRICT JUDGE